UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ADRIAN HINES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:19-CV-489-RLM-MGG |
|  | ) |  |
| WARDEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Adrian Hines, a prisoner without a lawyer, filed this habeas corpus case (ECF 1) attempting to challenge the prison disciplinary hearing in case number ISP 18-08-0237 held at the Indiana State Prison on August 28, 2018, where he was found guilty of battery in violation of Indiana Department of Correction (IDOC) policy A-102. ECF 1 at 1; 8-1 at 1. The hearing officer sanctioned Mr. Hines with a 60-day loss of earned credit time and a suspended one-step demotion in credit class. *Id.* The Warden has moved to dismiss the petition (ECF 8) and filed documentation showing that Mr. Hines didn't exhaust his administrative remedies before filing his habeas petition as required by 28 U.S.C. § 2254(b)(1). *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Mr. Hines hasn't responded to the Warden's motion to dismiss and the time to do so has passed. *See* N.D. Ind. L.R. 7-1(d)(3)(A).

Principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See* Eads v. Hanks, 280

F.3d 728, 729 (7th Cir. 2002); Markham v. Clark, 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. Eads v. Hanks, 280 F.3d at 729.

The Indiana Department of Correction has established a two-step administrative appeals process. The offender must first file a facility-level appeal within 15 days of the date of the disciplinary hearing or receipt of the hearing report. If the facility head denies the first appeal, the offender must then file a second-level appeal with IDOC's final reviewing authority within 15 days of receiving the facility-level response. In the second-level appeal, the offender can only assert those claims raised in the first-level appeal. *See* The Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101, §§ X(A)-(D)(effective June 1, 2015), available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders__6-1-2015.pdf.

In his petition, Mr. Hines indicated that he filed a facility-level appeal with the facility head and a second-level appeal with IDOC's final reviewing authority. ECF 1 at 1. However, the Warden has produced documentation showing that he did not file the second-level appeal. ECF 8-2 at 1; 8-3 at 1-2. Specifically, Mr. Joel Lyttle, an IDOC attorney, who serves as a final reviewing authority for IDOC, testified that: "Offender Adrian Hines' printout from the Offender Information

2

System (OIS) shows that he never filed an administrative appeal to the IDOC Final Review Authority pertaining to case ISP 18-08-0237." ECF 8-3 at 1-2, Joel Lyttle Decl. ¶ 5. Because Mr. Hines failed to exhaust his administrative remedies and the time to complete the administrative appeals process has passed, he can't seek habeas corpus relief.

For these reasons, the motion to dismiss (ECF 8) is GRANTED and the petition (ECF 1) is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close this case.

SO ORDERED on November 14, 2019

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT